IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAVARUS KENDRIX                                                                    PLAINTIFF

v.                          Civil No. 1:14-cv-01003

UNION COUNTY JAIL                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Lavarus Kendrix pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Miller County Correctional Facility. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's orders and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

**1.     BACKGROUND**

Plaintiff originally filed this case *pro se* on January 17, 2014. ECF No. 1. In his Complaint, Plaintiff claims the conditions of the Union County Detention Center ("UCDC") violate his constitutional rights. ECF No. 1, p. 4. At the time he filed his Complaint, Plaintiff was incarcerated at the Union County Detention Center ("UCDC"). Plaintiff's address of record indicates he is still incarcerated in the UCDC.

On January 17, 2014, I directed Plaintiff to notify the Court of any individuals he would like to substitute for the sole named Defendant, Union County Jail. ECF No. 3. Plaintiff failed to respond. The January 17, 2014 Order was not returned as undeliverable mail.

On May 5, 2014, I issued an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the January 17, 2014 Order and also directing Plaintiff to name an individual he would like to substitute for Defendant Union County Jail. ECF No. 6. The Show Cause Order was mailed to Plaintiff's address of record at the UCDC but was returned as undeliverable mail marked "RTS-Not here."

The Court is unable to locate any other address for Plaintiff, therefore, the Court has no current address of record for Plaintiff. Further, Plaintiff was advised in the January 17, 2014 Order that it was his responsibility to immediately inform the Court of any changes of address and that failure to do so could result in dismissal of this action. ECF No. 3.

Finally, Plaintiff has not communicated with the Court since filing his initial Complaint on January 17, 2014. ECF No. 1.

**2.    APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Court's January 17, 2014 Order directing him to identify an individual to substitute for the Union County Jail and to keep the Court informed of his current address (ECF No. 3); and the Court's May 5, 2014 Show Cause Order (ECF No. 6). Further, Plaintiff has completely failed to prosecute this matter as he has not communicated with the Court in well over a year. Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See*

3

Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

4.     CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of April 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE